IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY ALEJANDRO PAZ,<br><br>         Petitioner,<br><br>   v.<br><br>M. E. SPEARMAN,<br><br>         Respondent. | No. C 14-01989 EJD (PR)<br><br>ORDER OF DISMISSAL |

Petitioner, a California inmate currently incarcerated at Correctional Training Facility in Soledad, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the instant petition will be dismissed.

**BACKGROUND**

Petitioner is seeking to sue the prison where he is incarcerated for illegally seizing his photos and denying his right to receive authorized mail. (Pet. at 2.)

Petitioner filed habeas petitions in the state courts, with the California Supreme Court denying review on March 26, 2014. (Id. at 5.) Petitioner filed the

Order of Dismissal
P:\PRO-SE\EJD\HC.14\01989Paz_dism(hc-cr).wpd

instant federal habeas petition on April 30, 2014.[1]

## DISCUSSION

Petitioner is not challenging his state conviction, but claims that the prison unlawfully seized photos and denied him his right to receive mail.

It is well established in this circuit that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). The preferred practice in the Ninth Circuit also has been that challenges to conditions of confinement should be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Here, Petitioner's claim that his mail was unlawfully seized, if successful, would not necessarily shorten his sentence. Accordingly, the petition goes entirely to the conditions of his confinement, and success in this action would not necessarily affect the duration of his confinement.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using

---

[1] The matter was dismissed on June 24, 2014, for Petitioner's failure to pay the filing fee, (Docket No. 7), and then reopened in the interest of justice on August 26, 2014. (Docket No. 11.)

Order of Dismissal
P:\PRO-SE\EJD\HC.14\01989Paz_dism(hc-cr).wpd              2

the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee to pursue his claims. While a prisoner may think he has found a loophole that allows him to avoid paying the $350.00 filing fee by filing in habeas, the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $350.00 filing fee to proceed with actions challenging conditions of confinement. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

## CONCLUSION

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has exhausted California's prison administrative remedies. See 42 U.S.C. § 1997e(a).

The Clerk is instructed to include two copies of the prisoner civil rights complaint form to Petitioner with a copy of this order.

DATED: 9/23/2014

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FREDDY PAZ,

        Petitioner,

  v.

M. E. SPEARMAN,

        Respondent.

Case Number: CV14-01989 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  9/24/2014 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Freddy Alejandro Paz F-45349
Correctional Training Facility-North
P.O. Box 705
Soledad, CA 93960-0705

Dated:  9/24/2014

                                      Richard W. Wieking, Clerk
                                 /s/ By: Elizabeth Garcia, Deputy Clerk